UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  EDCV 13-740-JST (SPx)                                         Date:  May 8, 2013
Title:  Belinda Williams v. Durham School Services, et al.

Present: **Honorable JOSEPHINE STATON TUCKER, UNITED STATES DISTRICT JUDGE**

  Terry Guerrero                                                                      N/A
   Deputy Clerk                                                                      Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:     ATTORNEYS PRESENT FOR DEFENDANT:

  Not Present                                                                              Not Present

**PROCEEDINGS:   (IN CHAMBERS)  ORDER REQUIRING DEFENDANTS TO SHOW CAUSE RE SUBJECT-MATTER JURISDICTION**

     Defendants removed Plaintiff's First Amended Complaint to this Court on the basis of federal-question jurisdiction.  (Notice of Removal, Doc. 1.)  Defendants allege that "Plaintiff asserts at least one common law claim that is completely preempted by Section 301 of the Labor Management Relations Act [LMRA], 29 U.S.C. § 1985," namely Plaintiff's sixth claim—violation of the implied covenant of good faith and fair dealing of her collective bargaining agreement.  (*Id.* ¶ 4.)

     While ordinarily "[a] claim of breach of the implied covenant of good faith and fair dealing is preempted by section 301 when an employee has comparable job security under a collective bargaining agreement," *Jackson v. S. Cal. Gas Co.*, 881 F.2d 638, 644-45 (9th Cir. 1989), "[b]y the plain, unambiguous language of the LMRA, the definition of 'labor organization' excludes an organization of employees of a political subdivision of a state."  *Pac. Mar. Ass'n v. Local 63, Int'l Longshoremen's & Warehousemen's Union*, 198 F.3d 1078, 1081 (9th Cir. 1999).  *See* 29 U.S.C. § 152(2); *see also Ayres v. Int'l Brotherhood of Electrical Workers*, 666 F.2d 441, 442-44 (9th Cir. 1982) (analyzing the relationship between the subchapters of the LMRA and determining that the definition of "employer" contained in 29 U.S.C. § 152(2) applies to the term as it is used in 29 U.S.C. § 1985(a)).  *See also Hadley v. Haw. Gov't Emps. Ass'n*, No. 05-00660 ACK/KSC, 2006 WL 695036, at *3 (D. Haw. Mar. 13, 2006) (same).  Thus, it appears that Plaintiff's First Amended Complaint was not removable under 28 U.S.C. § 1331.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.  EDCV 13-740-JST (SPx)                                    Date:  May 8, 2013
Title:  Belinda Williams v. Durham School Services, et al.

     Moreover, even if Plaintiff's First Amended Complaint did present a federal claim, she filed a Second Amended Complaint on May 3, 2013, asserting only two claims: termination in violation of public policy and retaliation.  (Doc. 8.)

     Accordingly, Defendants are ordered to show cause no later than **May 20, 2013**, (1) why this case should not be remanded for lack of subject-matter jurisdiction as set forth above, or, alternatively, (2) why this Court should exercise supplemental jurisdiction over Plaintiff's Second Amended Complaint.  Failure to timely respond will result in immediate dismissal of the action.

Initials of Preparer:  tg